## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## ABERDEEN DIVISION

**DEMARCO KELLY**                                                      **PETITIONER**

**v.**                                                      **No. 1:24CV124-DMB-RP**

**STATE OF MISSSISSIPPI**                                         **RESPONDENT**

### ORDER *DENYING* PETITIONER'S CONSOLIDATED MOTIONS [15] FOR APPOINTMENT OF COUNSEL; TO STAY AND ABEY; FOR EVIDENTIARY HEARING; AND TO EXPAND THE RECORD; *DENYING* PETITIONER'S MOTION [16] FOR LEAVE TO FILE EXTRA PAGES; *DENYING* PETITIONER'S MOTION [17] TO EXTEND THE DEADLINE FOR ADDITIONAL BRIEFING

#

The petitioner, DeMarco Kelly, in a single document, has moved [15] for the appointment of counsel, to stay the proceedings and hold them in abeyance, to hold an evidentiary hearing, and to expand the record.[1]  He has also moved [16] to exceed the page limit for briefing and seeks [17] an extension of the deadline for additional briefing.  For the reasons set forth below, his requests [15], [16], [17] will be denied.

### Appointment of Counsel

DeMarco Kelly is proceeding *pro se*, paid the filing fee, and is not proceeding as a pauper.  As he is not a pauper, he is not entitled to appointment of counsel.  However, even if he were proceeding *in forma pauperis*, he would not be entitled to appointed counsel.  The court may appoint counsel for a *habeas corpus* petitioner whenever it "determines that the interests of justice so require . . . ."  18 U.S.C. § 3006A(a)(2)(B).  If an evidentiary hearing is to be held, the court is required to appoint counsel.  Rule 8(c), Rules Governing § 2254 Cases.  The court has determined that an evidentiary hearing is not necessary.  Further, the petitioner has not alleged

---

[1] Kelly also included allegations and argument regarding his petition in the document, which he styled as a sur-reply.  The court will address the sur-reply separately.

the existence of any circumstances which would, in the opinion of the court, require appointment of counsel at this time in the interests of justice. As such, his Motion for Appointment of Counsel is **DENIED**, but without prejudice to his right to move for appointment of counsel should circumstances arise which require such an appointment in the interests of justice.

### Stay and Abeyance

Kelly has requested that the court stay these proceedings and hold them in abeyance so he may return to state court and fully exhaust his remedies there. As discussed below, his request will be denied. Under the holding of the United States Supreme Court in *Rhines v. Weber*, 125 S.Ct. 1528 (2005), a district court may hold a federal petition for a writ of *habeas corpus* in abeyance for a limited time while a petitioner exhausts his claims in state court. Courts may consider this remedy when dismissal of the petition might result in the petitioner losing his opportunity for federal review of his claims because a second petition, filed after the claims had been presented to the state court, would be barred under the one-year federal *habeas corpus* limitations period under the Antiterrorism and Effective Death Penalty Act. *Rhines,* 125 S. Ct. at 1535. The Court cautioned, however, that "stay and abeyance should be available only in limited circumstances" and is only proper when the petitioner can show good cause for his failure to exhaust his claims in state court first. *Id*. at 1535.

In his request for a stay, the petitioner states that "[t]here are many area[s] within the case at bar to be denoted for the Stay and with the [motion] for an evidentiary hearing ….]" Doc. 30, p. 29. He states that he would like to present these facts at an evidentiary hearing; however, he has not described any of the circumstances which might meet the criteria for a stay of these proceedings. Indeed, he has not described any facts at all.

The petitioner in his case has not shown that such circumstances exist in the instant case;

as such, he has not shown "good cause" for his failure to exhaust his claims first in state court.

Hence, under the facts of this case, the petitioner's request for a stay and abeyance will be

**DENIED**.

### Motion for Evidentiary Hearing

The petitioner has also requested an evidentiary hearing to develop the facts of this case.

Under the Anti-Terrorism and Effective Death Penalty Act, ("AEDPA"), requests for an

evidentiary hearing are evaluated under 28 U.S.C. § 2254(e)(2). *Murphy v. Johnson*, 205 F.3d

809, 815 (5th Cir. 2000). When a *habeas corpus* petitioner has failed to develop the factual basis

of a claim, his entitlement to an evidentiary hearing is restricted to the narrow exceptions of

subsection (e)(2), which provides:

> If the applicant has failed to develop the factual basis of a claim in State court
> proceedings, the court shall not hold an evidentiary hearing on the claim unless
> the application shows that–
>
> (A) the claim relies on–
>
>> (i) a new rule of constitutional law, made retroactive to cases on collateral
>> review by the Supreme Court, that was previously unavailable; or
>>
>> (ii) a factual predicate that could not have been previously discovered
>> through the exercise of due diligence; and
>
> (B) the facts underlying the claim would be sufficient to establish by clear and
> convincing evidence that but for the constitutional error, no reasonable factfinder
> would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2).

These exceptions apply where the failure to develop the facts of claim is solely the result

of a decision or omission of the petitioner himself. *Murphy*, 205 F.3d at 815. Overcoming the

restrictions in § 2254(e)(2) does not, however, guarantee a petitioner an evidentiary hearing, it

merely "opens the door for one;" the district court retains the discretion to grant or deny an

evidentiary hearing. *Id.* Further, a full and fair hearing does not necessarily require live

testimony; a paper hearing can be sufficient to afford a petitioner a full and fair opportunity to present factual issues pertinent to his case. *Id., see also Perillo v. Johnson*, 79 F.3d 441, 444 (5th Cir. 1996). Finally, where a district court has before it enough facts to make an informed decision regarding the merits of a claim, the court may refuse to grant an evidentiary hearing, even where the state court made no explicit factual findings. *McDonald v. Johnson*, 139 F.3d 1056, 1060 (5th Cir. 1998).

In his motion, the petitioner has merely requested an evidentiary hearing without explaining why he might be entitled to one. The court has reviewed the file and records of this case, has applied the analysis above, and has not encountered any claims the petitioner raises requiring an evidentiary hearing. The petitioner may present his claims in written form without the need for a live hearing. For this reason, the petitioner's request for evidentiary hearing is **DENIED**.

### Expanding the Record

Without explanation, the petitioner "seeks inclusion of" trial and sentencing transcripts, codefendant plea agreements, affidavits, prison mailroom logs, and COVID-19 policy records. Doc. 30, p. 29. In short, the petitioner seeks discovery to obtain the various documents and include them in the court record. "A party shall be entitled to invoke the processes of discovery available under the Federal Rules of Civil Procedure if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise." *Bracy v. Gramley,* 520 U.S. 899, 904, 117 S.Ct. 1793, 138 L.Ed.2d 97 (1997) (quoting R. Governing § 2254 Cases 6(a)). "'[W]here specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is ... entitled to relief, it is the duty of the court to provide the necessary facilities and procedures

for an adequate inquiry'". *Id.* at 908-09, 117 S.Ct. 1793 (quoting *Harris v. Nelson,* 394 U.S. 286, 300, 89 S.Ct. 1082, 22 L.Ed.2d 281 (1969)). On the other hand, "[c]onclusionary allegations are not enough to warrant discovery under Rule 6 of the Federal Rules Governing Section 2254 Petitions; the petitioner must set forth specific allegations of fact. Rule 6 ... does not authorize fishing expeditions". *Ward v. Whitley,* 21 F.3d 1355, 1367 (5th Cir.1994) (citations omitted); *see also Murphy v. Johnson,* 205 F.3d 809, 814 (5th Cir. 2000) (finding no abuse of discretion).

As the petitioner has merely requested documents, without explanation, his request lacks the necessary specificity required to grant such a motion. *Thompson,* No. 4:06-CV-148 (30 Nov. 2007). Kelly did not point to specific evidence that once existed – and may continue to exist – that would render his request for information more than a "fishing expedition." *See Reed v. Quarterman,* 504 F.3d 465, 477 (5th Cir. 2007). As such, the petitioner's request to expand the record is **DENIED**.

### Motions [16], [17] for Leave to Extend the Deadline for Additional Briefing and to Exceed the Page Limit for that Briefing

The petitioner also seeks [17] to file additional briefing and requests [16] leave to exceed the page limit for that briefing; however, additional briefing not necessary; nor is it contemplated in the § 2254 *habeas corpus* rules. The federal *habeas corpus* statutes and rules do not contemplate additional briefing beyond a reply; as such, the court will not consider briefing beyond the State's Reply [14]. *See* Rule 5, Rules Governing Section 2254 Cases in the United States District Courts. As such the petitioner's motions [16], [17] regarding additional briefing are **DENIED**.

**Conclusion**

For the reasons set forth above, the instant combined motion [15] is **DENIED** in all

respects.  In addition, the petitioner's motions [16], [17] regarding additional briefing are

**DENIED**.

SO ORDERED, this the 17th day of September, 2025.

/s/   Roy Percy
UNITED STATES MAGISTRATE JUDGE