IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

DEMARCO KELLY                                                              PETITIONER

V.                                                                NO. 1:24-CV-124-DMB-RP

STATE OF MISSISSIPPI                                                      RESPONDENT

OPINION AND ORDER

DeMarco Kelly seeks a writ of habeas corpus under 28 U.S.C. § 2254, challenging his conviction and life sentence for capital murder in the Circuit Court of Itawamba County. The State of Mississippi moves to dismiss the petition as untimely under 28 U.S.C. § 2244(d)(2). For the reasons below, the motion to dismiss will be granted.

I
Background and Procedural History

A. Conviction and Sentence

On May 31, 2019, DeMarco Kelly was convicted of capital murder with the underlying felony of attempted burglary in the Circuit Court of Itawamba County, Mississippi, and sentenced to a term of life imprisonment in the custody of the Mississippi Department of Corrections without the possibility for parole. Doc. #9-1 at PageID 523–24.

B. Direct Appeal

On June 20, 2019, Kelly appealed his conviction and sentence, arguing that the trial court "erroneously refused his proposed jury instructions regarding his alleged abandonment of the attempted burglary and … culpable-negligence manslaughter." Doc. #9-1 at PageID 535, 566. The Mississippi Court of Appeals[1] affirmed Kelly's conviction and sentence on November 10,

---

[1] Kelly's notice of appeal states that he appealed to the Mississippi Supreme Court. Doc. #9-1 at PageID 535. The Mississippi Supreme Court assigned the appeal to the Mississippi Court of Appeals on June 24, 2019. Doc. #9-2 at

2020.  *Id.* at PageID 566–89.

### C.  Post-Conviction Proceedings

On April 25, 2023, Kelly filed an "Application for Leave to File Post-Conviction in Lower Court" pursuant to the Uniform Post-Conviction Collateral Relief Act ("UPCCRA").  Doc. #10 at PageID 2347, 2376.  Upon its filing, Kelly claimed that (1) "the testimony of the witnesses was uncorroborated;" (2) "the elements of the crime did not fully inform the jury and were a misquote of law;" (3) "the district attorney made comme[n]t on [his] failure to testify;" and (4) his "counsel was ineffective for failing to object to testimony of accomplices who had been tried and convicted of the same crime."  *Id.* at PageID 2378.  On May 6, 2024, the Mississippi Supreme Court denied Kelly's application after concluding he waived his claims by failing to raise them at trial or on direct appeal.  *Id.* at PageID 2347.

### D.  Federal Petition for Writ of Habeas Corpus

On July 2, 2024, Kelly filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254 in the United States District Court for the Northern District of Mississippi.  Doc. #1.  In the petition, Kelly challenges his capital murder conviction and sentence in the Circuit Court of Itawamba County, and raises four grounds for relief identical to those raised in his April 25, 2023, post-conviction application.  Doc. #1 at PageID 5–9.  As relief, Kelly requests "that he [be] allowed to file post-conviction and that a full evidentiary hearing be held."  *Id.* at PageID 14.

On March 20, 2025, the State filed a motion to dismiss Kelly's petition.  Doc. #11.  Eight days later, Kelly moved to extend his deadline to respond to the motion, representing that he "is severely limited to the access to the prison Law Library, which is external to his current housing area [and] must wait approximately a week to receive certain case laws and other legal

---

PageID 681.  *See* MISS. CODE ANN. § 9-4-3(1) ("The Court of Appeals shall have the power to determine or otherwise dispose of any appeal or other proceeding assigned to it by the Supreme Court.").

addendums." Doc. #17. Kelly responded in opposition to the motion to dismiss on April 16, 2025, and the State replied on May 13, 2025. Docs. #12, #14.

On June 4, 2025, Kelly filed "Petitioner's Consolidated Sur-Reply in Opposition to Motion to Dismiss and Supporting Motions for Evidentiary Hearing, Appointment of Counsel, Record Expansion, and Stay and Abeyance;" and a separate "Motion for Leave to Exceed Page Limits." Docs. #15, #16. On September 17, 2025, United States Magistrate Judge Roy Percy denied all Kelly's motions. Doc. #18.

## II
## <u>Analysis</u>

The State argues that "[t]his Court should dismiss Kelly's petition with prejudice as time-barred under 28 U.S.C. § 2244(d);" and that Kelly is not entitled to an evidentiary hearing. Doc. #11 at 3, 9. In response, Kelly submits that he "is entitled to statutory tolling, and alternatively, to equitable tolling due to extraordinary circumstances, and thus the petition is timely;" and that because the constitutional violations raised in his petition "resulted in a fundamental miscarriage of justice, … the actual innocence exception under *McQuiggin v. Perkins*, 569 U.S. 383 (2013), should apply to allow review of his claims." Doc. #12 at PageID 2454, 2456–57 (emphasis in original). The State replies that Kelly's tolling and fundamental miscarriage of justice arguments are meritless, and maintains that the Court should deny Kelly's request for an evidentiary hearing. Doc. #14 at 2–9, 13.

### A. Tolling

### 1. Statutory tolling

The State argues that "[t]he Mississippi Court of Appeals affirmed Kelly's conviction and sentence on November 10, 2020;" "Kelly had fourteen days to file a motion for rehearing but requested and received an extension of time to do so until December 8, 2020;" "Kelly failed to file

his motion for rehearing by December 8, 2020, or to timely request an additional extension to do so, and the mandate issued on December 15, 2020;" and "Kelly had one year from December 8, 2020—until December 8, 2021—to timely file a federal habeas petition in this Court, absent statutory … tolling." Doc. #11 at 5–6. It further argues that "Kelly had to 'properly file' an application for post-conviction relief as contemplated by 28 U.S.C. § 2244(d)(2), before December 8, 2021, the date his federal habeas statute of limitations expired" but because "Kelly did not file his post-conviction application until April 25, 2023, … [he] is not entitled to statutory tolling during the pendency of his state post-conviction application proceeding." *Id.* at 6.

Kelly responds that "[u]nder § 2244(d)(1), the one-year limitations period began running on March 16, 2021, and continued until the filing of [his] state post-conviction motion [which] remained pending until May 6, 2024, tolling the limitations period under § 2244(d)(2);" he "filed his federal habeas petition on July 7, 2024, which was within 62 days of the conclusion of the state post-conviction process;" and "[b]ecause statutory tolling paused the running of the limitations clock, [his] federal habeas petition was filed timely within the one-year period." Doc. #12 at PageID 2455.

The State replies that under the Anti-Terrorism and Effective Death Penalty Act of 1993 ("AEDPA"), "Kelly's conviction and sentence became final when the extension of time to file a motion for rehearing in the Mississippi Court of Appeals expired on December 8, 2020 [and b]y the time Kelly filed his PCR motion in state court on April 25, 2023, his AEDPA statute of limitations had long expired;" and "Kelly is not entitled to statutory tolling during the pendency of his state PCR motion because an expired limitations period cannot be revived by filing a state habeas petition." Doc. #14 at 3–4 (internal quotation marks and citations omitted).

28 U.S.C. § 2244(d) provides:

4

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2). Under § 2244(d)(1)(A), a federal habeas corpus petition must be filed within one year of the date that the petitioner's judgment of conviction becomes final, subject to tolling for the period when a properly filed motion for post-conviction relief is pending in the state court. *Jackson v. Davis,* 933 F.3d 408, 410 (5th Cir. 2019); *Roberts v. Cockrell*, 319 F.3d 690, 692 (5th Cir. 2003). Statutory tolling of the one-year federal habeas corpus limitations period applies only when the petitioner "properly files" an application for post-conviction relief as contemplated by 28 U.S.C. § 2244(d)(2), before the initial one-year deadline expires. *See Jones v. Lumpkin*, 22 F.4th 486, 490 (5th Cir. 2022) (petitioner was not entitled to statutory tolling because "he never 'properly filed' a state [post-conviction relief] application during the limitations period"); *see also Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (state post-conviction relief application did not toll limitation period under § 2244(d)(2) as it was not filed until after period of limitation had expired). Though Kelly argues the limitations period was statutorily tolled until the

Mississippi Supreme Court denied his state application for post-conviction collateral relief on May 6, 2024, such tolling does not apply to state post-conviction relief motions filed after the limitations period has expired—like in this case. When Kelly filed his post-conviction relief motion in state court on April 25, 2023, his AEDPA statute of limitations had long since expired on December 8, 2021. So, Kelly is not entitled to statutory tolling during the pendency of his state post-conviction relief motion because, as the State correctly argues, an "expired limitations period cannot be revived by filing a state habeas petition." *Villegas v. Johnson*, 184 F.3d 467, 472 (5th Cir. 1999).

## 2. Equitable tolling

The State argues that "Kelly has failed to meet his burden to show that he is entitled to equitable tolling of his federal habeas limitations period" because he "failed to meet his burden to show that an extraordinary circumstance prevented him from timely filing his petition;" and "[e]ven if Kelly could show that an extraordinary circumstance stood in his way of timely filing his petition, … he cannot show that he diligently pursued his rights to benefit from equitable tolling." Doc. #11 at 7–8 (citations omitted). Kelly responds that "[he] is entitled to equitable tolling" since "[h]e has been pursuing his rights diligently, and [s]ome extraordinary circumstance stood in his way and prevented timely filing." Doc. #12 at PageID 2455 (paragraph numbering omitted). The State replies that "none of Kelly's arguments to invoke equitable tolling of AEDPA's one-year limitations period are meritorious because he cannot meet either requirement for that equitable relief." Doc. #14 at 7.

"The doctrine of equitable tolling preserves a [petitioner's] claims when strict application of the statute of limitations would be inequitable." *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000) (internal quotations omitted). The decision whether to apply equitable tolling turns on the facts and circumstances of each case. *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir.

2000); *Alexander v. Cockrell*, 294 F.3d 626, 628 (5th Cir. 2002). However, a court may apply equitable tolling only "in rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). The petitioner bears the burden of establishing that equitable tolling is warranted. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir.). To meet that burden, the petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010). The petitioner need only show "reasonable diligence, not maximum feasible diligence." *Id.* at 653 (internal quotation marks and citations omitted).

### a. Diligence

Kelly contends that he "acted diligently by pursuing his state post-conviction remedies and filing his federal petition as soon as possible after the denial" of his post-conviction relief motion, and his appellate "counsel failed to abide by the direction taken in agreement with [him] in that he was told that counsel would perfect the appeal to the end, i.e. Writ of Certiorari." Doc. #12 at PageID 2555. These arguments are unavailing.

"[A]n attorney's error or neglect does not warrant equitable tolling." *Triplett v. King*, 250 Fed. App'x 107, 109 (5th Cir. 2007). And because a 28-month delay occurred when Kelly waited from December 8, 2020 (the date his conviction became final) to April 25, 2023 (the date he filed his application for state post-conviction collateral relief), Kelly has failed to show he diligently pursued federal habeas relief. *See, e.g., Manning v. Epps*, 688 F.3d 177, 187 (5th Cir. 2012) ("Manning … has not shown that he diligently pursued his habeas claims. Even if his counsel's course of conduct starting on November 17, 2000 would constitute due diligence if it had begun earlier, such activity does not negate the nineteen-month-long period during which Manning did not, as far as the record reveals, focus any attention on his petition for habeas relief.") (citations

omitted); *Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001) ("After the Louisiana Supreme Court denied Melancon's application for a supervisory writ, Melancon waited more than four months to file his federal habeas petition. Because Melancon did not expediently file his federal habeas petition, this circumstance is not extraordinary enough to qualify for equitable tolling under § 2244(d)(1)."); *Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999) ("In order for equitable tolling to apply, the applicant must diligently pursue his § 2254 relief. In this case, Coleman did not file his § 2254 petition until approximately six months after learning of the denial of his state postconviction application.").

### b. Extraordinary Circumstances

Kelly contends that the following "circumstances made it impossible for [him] to comply with the statute of limitations despite [his] good faith efforts: (1) his "[l]ack of legal access while incarcerated;" (2) "a demanding prison work schedule that interfered with legal research and document preparation;" (3) "[f]ailure to receive important legal mail in a timely manner due to institutional delays beyond [his] control;" and (4) "[t]he continual lockdown due to Institutional violence and COVID quarantines." Doc. #12 at PageID 2456.

As to Kelly's first claimed circumstance, "neither a petitioner's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling." *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999); *see Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (lack of representation does not justify equitable tolling). The remaining circumstances Kelly offers involve limitations arising out of his incarceration, which generally do not rise to the level of rare and exceptional circumstances to warrant equitable tolling. *See Turner*, 177 F.3d at 392. Kelly's prison work schedule certainly is an ordinary fact of prison life and does not support his request for equitable tolling. And COVID-related lockdowns, without more, do

8

not qualify as an extraordinary circumstance sufficient to invoke equitable tolling. *See Turner v. Mississippi*, No. 3:21-CV-235, 2022 WL 125028, at *3 (N.D. Miss. Jan. 12, 2022) (petitioner failed to show how pandemic prevented him from timely filing his federal habeas petition); *see also Young v. Mississippi*, No. 3:20-CV-736, 2021 WL 4190646, at *5 (S.D. Miss. Aug. 6, 2021) ("[T]he mere existence of the COVID-19 pandemic does not, without more, constitute an 'extraordinary circumstance.'"); *Newman v. Dir., TDCJ-CID*, No. 3:20-CV-3733, 2022 WL 18779708, at *3 (N.D. Tex. Nov. 28, 2022) ("[I]ntermittent lockdowns and diminished access to the law library, even as a result of COVID-19 restrictions, do not constitute 'extraordinary circumstances' warranting equitable tolling.") (citations omitted); *Carter v. Lumpkin*, No. 6:21-CV-00031, 2022 WL 897876, at *2 (S.D. Tex. Mar. 26, 2022) (restrictions and limitations petitioner faced due to COVID-19 pandemic do not merit equitable tolling absent showing of diligent pursuit of right or that lockdowns actually prevented his timely filing); *Delarosa v. Dir., TDCJ-CID*, No. 3:21-CV-2414, 2022 WL 850041, at *2 (N.D. Tex. Feb. 22, 2022) ("[T]he mere existence of the COVID-19 pandemic does not, without more, constitute an extraordinary circumstance.") (internal quotation marks and citation omitted).

Even assuming Kelly's claimed circumstances constitute extraordinary circumstances, the Court must also consider whether he, "acting with reasonable diligence, could have filed [his petition] on time notwithstanding the extraordinary circumstances." *Smith v. Vannoy*, 848 Fed. App'x 624, 628 (5th Cir. 2021) (internal quotations and citation omitted). Kelly must show that a "causal relationship" existed between the extraordinary circumstance and the delay, and he cannot prove such a relationship if he, "acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstance." *Id.* Kelly has not made this showing because his total delay in seeking federal habeas corpus relief spanned from December 8, 2020, until July

2, 2024—over three and a half years. Consequently, there are no extraordinary circumstances that merit Kelly's entitlement to equitable tolling. *See Jackson*, 933 F.3d at 411 ("What a petitioner did both before and after the extraordinary circumstances that prevented him from timely filing may indicate whether he was diligent overall."); *see also Stroman v. Thaler*, 603 F.3d 299, 302–03 (5th Cir. 2010) (affirming district court's denial of equitable tolling where "the state [PCR] was not filed until nearly seven months after the conviction became final and at a time when there remained only five months of the section 2244(d)(1) one year period"); *North v. Davis*, 800 Fed. App'x 211, 214–15 (5th Cir. 2020) ("[E]leven-month delay in filing [petitioner's] initial state application weighs against a finding of diligence.").

## B. "Actual Innocence" Exception

Kelly argues that the following violations, "either individually or cumulatively, resulted in a fundamental miscarriage of justice [and s]hould the Court deem [his] petition untimely, the actual innocence exception under *McQuiggin v. Perkins*, 569 U.S. 383 (2013), should apply to allow review of the claims:" "[u]ncorroborated accomplice testimony; [i]neffective assistance of counsel for failure to object and preserve critical constitutional issues; [p]rosecutorial misconduct (commenting on [his] silence); and [f]ailure to instruct jury on accomplice testimony." Doc. #12 at 2456–57. According to Kelly, his "[c]ounsel has shown his ineffectiveness through various documented and undocumented areas and the only possible wa[y] to fully present [his] case is to allow this Petition to come to fruition and further allow an Evidentiary Hearing in the interest of justice." *Id.* at PageID 2457.

The State responds that "Kelly's reurging of his grounds for habeas relief fails to meet the demanding 'actual-innocence' standard to overcome AEDPA's statute of limitations" because he "submits no new evidence" as required by Supreme Court and Fifth Circuit precedent. Doc. #14

10

at 9, 12.

"As a threshold matter, a credible gate 'claim [of actual innocence] requires [the] petitioner to support his allegations of constitutional error with new reliable evidence … that was not presented at trial.'" *Hancock v. Davis*, 906 F.3d 387, 389 (5th Cir. 2018) (alterations and omission in original) (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995)). Actual innocence "may overcome the time-bar" for a federal habeas petition if, "in the light of newly-discovered evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *Floyd v. Vannoy*, 894 F.3d 143, 154–55 (5th Cir. 2018) (quoting *Schlup*, 513 U.S. at 327); *see McQuiggin v. Perkins*, 569 U.S. 383, 399 (2013). "Therefore, a credible claim must be supported by 'new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial.'" *Floyd*, 894 F.3d at 155 (quoting *Schlup*, 513 U.S. at 324)).

Here, no new evidence is presented in Kelly's petition much less any that would have persuaded a reasonable juror to find him not guilty beyond a reasonable doubt. *See generally* Doc. #1. The brief in support of his petition merely recites the timeline of events leading up to the denial of his direct appeal and the four claims of constitutional error on which he bases his actual innocence argument. Doc. #2 at PageID 31–32; *compare id.* ("Kelly has the same counsel at trial and on direct appeal. The State did say Kelly could overcome the bar if he could show cause and actual prejudice …. After a jury trial and guilty verdict, Kelly was sentenced to life …. Kelly did not appeal the denial but filed for leave to return to trial court for post-conviction. In his motion, Kelly alleged four grounds.") *with Floyd*, 894 F.3d at 155 ("Floyd presents substantial exculpatory evidence related to both murders. As discussed, although he confessed to murdering Hines and Robinson, he was convicted solely of Hines' murder. Therefore, his habeas petition centers on that

11

conviction. But, the district court concluded, and we agree, that, because Floyd's confessions are intertwined, evidence demonstrating Floyd falsely confessed to murdering Robinson supports his assertions he likewise did so for Hines. In other words, newly-discovered evidence further and conclusively exculpating Floyd of Robinson's murder—undermining both confessions—is relevant to his actual-innocence claim because it supports Floyd's assertions his confessions were false.") (citations and emphasis omitted); *see Hancock*, 906 F.3d at 390 ("Hancock supported his claim of actual innocence with affidavits, obtained close to the date of the murder, from four state witnesses who testified at trial. The district court determined that Hancock did not establish that the affidavits were unavailable to counsel at the time of trial, and therefore the court held that Hancock had offered no 'new' evidence. Hancock did not contend in the district court, and does not contend in this appeal, that the affidavits were unavailable to him or trial counsel at or before trial. [T]hus … Hancock … is unable to overcome § 2244(d)(1)'s limitations bar."). For these reasons, Kelly's actual innocence argument fails.

### C. Evidentiary Hearing

The State argues that because "Kelly's claims do not rely on a new rule of constitutional law, expressly made retroactive to cases on collateral review;" and "he does not allege that the factual predicate of his claims could not have been previously discovered with due diligence or that no reasonable factfinder would have convicted him of the crimes charged … he is not entitled to an evidentiary hearing on his untimely federal habeas petition." Doc. #11 at 10–11 (citing 28 U.S.C. § 2254(e)(2)(A)-(B)). It further argues that "[e]ven if a hearing were warranted, a full and fair federal hearing does not necessarily require live testimony" such that "the filings in this case confirm that Kelly's petition is untimely under AEDPA, and thus provide this Court with a sufficient 'paper hearing' to consider these arguments." *Id.* at 11. Because Kelly did not address

these arguments in his response, *see generally* Doc. #12, the State's reply "incorporates those arguments from the Motion to Dismiss." Doc. #14 at 13.

Under the AEDPA, requests for an evidentiary hearing in proceedings under 28 U.S.C. § 2254 are evaluated, in part, under Rule 8 of the Rules Governing Section 2254 Proceedings for the United States District Courts. Rule 8(a) states:

> **Determining Whether to Hold a Hearing.** If the petition is not dismissed, the judge must review the answer, any transcripts and records of prior proceedings, and any materials submitted under Rule 7 to determine whether an evidentiary hearing is warranted.

Rules Governing § 2254 Cases, Rule 8, 28 U.S.C. § 2254 (emphasis in original). A district court's review of any claim adjudicated on the merits in state court is limited to the record that was before that court at the time it rendered its decision. *Cullen v. Pinholster*, 563 U.S. 170, 181 (2013); *see also McCamey v. Epps*, 658 F.3d 491, 497 (5th Cir. 2011) (noting *Pinholster* narrows scope for holding evidentiary hearings in federal habeas corpus proceedings). The decision whether to hold an evidentiary hearing is also constrained by 28 U.S.C. § 2254(e)(2), which states:

> If a petitioner failed to develop the factual basis of a claim in state court, he may obtain an evidentiary hearing on the claim in federal court if he shows that: (1) either "the claim relies on … a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," or "a factual predicate that could not have been previously discovered through the exercise of due diligence;" and (2) "the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense."

*Sandoval Mendoza v. Lumpkin*, 81 F.4th 461, 471 (5th Cir. 2023) (omitted text in original) (quoting 28 U.S.C. § 2254(e)(2)). However, even "[i]f a prisoner can satisfy either of these exceptions, he also must show that further factfinding would demonstrate, 'by clear and convincing evidence,' that 'no reasonable factfinder' would have convicted him of the crime charged." *Shinn v. Ramirez*, 596 U.S. 366, 381 (2022) (quoting 28 U.S.C. § 2254(e)(2)(B)).

Kelly has not met these standards. His claims do not rely on a new rule of constitutional law made retroactive to cases on collateral review, nor does he allege that he could have discovered the factual predicate of his claims with due diligence or that no reasonable factfinder would have convicted him of the crimes charged. So, Kelly is not entitled to an evidentiary hearing.

### III
### Certificate of Appealability

Rule 11 of the Rules Governing § 2254 Proceedings in the United States District Courts requires a court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability ("COA") will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For cases rejected on their merits, a movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong" to warrant a COA. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Because Kelly has not shown the witness testimony during his trial was uncorroborated; the elements of the crime charged failed to inform the jury and were a misquote of the law; the district attorney commented on his assertion of the right to not testify; or his counsel was ineffective for failure to object to accomplice testimony, Grounds One through Four of his petition do not pose debatable constitutional claims. For this reason, a COA should not issue in this case.

### IV
### Conclusion

The State's motion to dismiss [11] is **GRANTED**. A certificate of appealability is denied. A final judgment will be issued.

**SO ORDERED**, this 31st day of March, 2026.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**